IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EVERETT W. GREGORY, J.R. and MARCIA GREGORY, §§§§ *Plaintiffs,* § § v. § § BANK OF AMERICA, N.A. and JESSE R. § MENDOZA, § § *Defendant*. | Civil Action No.  SA-14-CV-564-XR |

EVERETT W. GREGORY, J.R. and  §
MARCIA GREGORY,                §
                               §
    *Plaintiffs,*              §
                               §     Civil Action No.  SA-14-CV-564-XR
v.                             §
                               §
BANK OF AMERICA, N.A. and JESSE R. §
MENDOZA,                       §
                               §
    *Defendant*.               §

## AMENDED ORDER

On this day, came to be considered Plaintiffs' motion to remand. Doc. No. 12. After careful consideration, the motion is GRANTED.

## BACKGROUND

This case stems from Plaintiffs' attempt to enjoin a foreclosure sale of their real property located at 1806 Town Oak Drive, San Antonio, Texas. On March 28, 2014, Plaintiffs filed an application for a Temporary Restraining Order ("TRO") in the 37th Judicial District Court of Bexar County, Texas. *See* Orig. Pet. Doc. No. 1, Ex. 1. The state court granted Plaintiffs an *ex parte* TRO on April 10, 2014. Doc. No. 1, Ex. 2.

Although not entirely clear, it appears Plaintiffs intended for the TRO Application to also serve as their Petition. Therein, Plaintiffs assert state law causes of action for: (1) breach of contract, and (2) violations of the Texas Deceptive Trade Practices Act. *See* Orig. Pet. Plaintiffs also seek declaratory and injunctive relief, as well as attorney's fees. *Id.* On June 23, 2014, Defendant Bank of America N.A. ("BANA") removed the case to this Court under

28 U.S.C. § 1441.  Doc. No. 1.  On July 18, 2014, Plaintiffs filed this motion to remand.  Doc. No. 12.  Plaintiffs contend that removal was untimely and that the Court lacks subject matter jurisdiction over this case.  *Id.*   BANA has not filed a response.

## DISCUSSION

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc*., 200 F.3d 335, 339 (5th Cir. 2000).  Section 1446, which establishes procedures for removal, provides strict timing guidelines for a when a case can be removed.  "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).  Under *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999), the 30-day removal clock only begins when a party is properly served.[1]

BANA asserts in its Notice of Removal that service has not been completed and that therefore the 30-day clock has not begun.  Doc. No. 1 at *2.  However, in the civil cover sheet that BANA was required to provide upon removal, BANA did not list itself as a party that had not yet been served. *See* Doc. No. 1, Ex. 5.  Accordingly, there is conflicting evidence as to when, if ever, BANA was served prior to removal.  BANA bears the burden of establishing the timeliness of removal and has still failed to do so in this case.

---

[1] In a prior version of this order that was issued, the Court erred when it wrote: "However, '[s]ervice of process is not required in order to begin the thirty-day time limit for removal.'" Doc. No. 14 (quoting *Florence v. J. Ray McDermott, Inc.*, 999 F. Supp. 927, 928 (S.D. Tex. 1998)) (citing *Reece v. Wal–Mart Stores, Inc.*, 98 F.3d 839, 842 (5th Cir. 1996)).   This case law has effectively been overturned by *Murphy*, hence the Court's issuance of an amended order in this case.  Ultimately, as described herein, the outcome of the analysis remands unchanged.

An alternative ground to remand this case is that BANA has failed to meet its burden of establishing that the non-diverse defendant, Jesse Mendoza, is improperly joined. To establish improper joinder, BANA needed to show "[an] inability of the plaintiff[s] to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Moreover, "[t]he burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). BANA did not respond to the motion to remand. In its Notice of Removal, BANA asserts that "[w]ith no allegations of any kind against [Defendant Mendoza] in the TRO Application, Plaintiffs cannot possibly expect to recover damages against that person." Doc. No. 1 at 3. On the contrary, it appears as though Plaintiffs intended for the substantive causes of action that they allege in the Petition to apply to both BANA and Mendoza. *See* Doc. No. 1, Ex. 1. Whether Plaintiffs have any possibility of recovery against Mendoza on those specific claims is for BANA to disprove. It has not done so. Consequently, BANA has not met its heavy burden of establishing improper joinder and cannot escape the fact that complete diversity of the parties is lacking in this case.

Plaintiffs also seek attorney's fees. Doc. No. 12. This Court may grant attorney's fees if the defendant did not have an "objectively reasonable" basis to believe removal was proper. Although BANA has failed to establish the timeliness of its removal, the Court is unwilling to say that its decision to remove was so unreasonable as to warrant attorney's fees in this case.

## CONCLUSION

Based upon the foregoing analysis, Plaintiffs' motion to remand is GRANTED. Doc. No. 12. The Clerk is directed to remand the case to state court and to CLOSE this case.

SIGNED this 8th day of August, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE